IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY SAVAGE,

    Plaintiff,

v.                                              Civil Action No. 5:10CV126
                                                              (STAMP)
WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,
and THERESA HAUGHT,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND**

I. Procedural History

The plaintiff commenced the above-styled civil action in the Circuit Court of Ohio County, West Virginia to recover for an alleged discriminatory adverse employment action taken against him by the defendants. The original complaint avers that the defendants violated West Virginia public policies and laws by discriminating and retaliating against the plaintiff when he was employed by the West Virginia Department of Health and Human Resources ("DHHR"). Specifically, the plaintiff asserts that the defendants' refusal to hire him for the position of Child Protective Service Supervisor due to his race violated Title VII of the Civil Rights Act of 1962, 42 U.S.C. § 2000e et seq. Seizing upon this federal claim, the defendants removed the action to this Court pursuant to 28 U.S.C. § 1331. In accordance with Rule 15(a) of the Federal Rules of Civil Procedure, the plaintiff filed an

amended complaint, which modified the original complaint by eliminating any reference to federal claims. The plaintiff then filed a motion to remand, to which the defendants responded and the plaintiff replied. For the reasons set forth below, the plaintiff's motion to remand is denied.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## III. Discussion

In his motion to remand, the plaintiff argues that because the amended complaint eliminated the federal claim, this Court should

remand the action to the state court.[1] In response, the defendants contend that the plaintiff amended his complaint in order to divest this Court of jurisdiction. The defendants argue that because this Court had jurisdiction over the matter at the time of removal, it should exercise its discretion and retain jurisdiction. In reply, the plaintiff counters that he abandoned his Title VII claim because he realized that it was either substantially impeded or entirely eliminated by application of the doctrine of exhaustion of administrative remedies. The plaintiff also denies the defendants' allegations of bad faith.

Supplemental jurisdiction, as guided by 28 U.S.C. § 1367, states in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The original complaint was sufficient to vest jurisdiction in the federal court, and this case should not be remanded "'if it was properly removable upon the record as it stood at the time the petition for removal was filed.'" Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004) (quoting Brown v.

---

[1] The plaintiff explains that although the original complaint invoked Title VII of the Civil Rights Act, the plaintiff failed to present his grievance to the Equal Employment Opportunity Commission ("EEOC") before filing this civil action; therefore, the federal claim would have failed. See 42 U.S.C. § 2000e-5.

3

Eastern States Corp., 181 F.2d 26, 28-29 (4th Cir. 1950)). Although the plaintiff was entitled to amend his complaint to eliminate federal questions, this Court "may exercise its discretion in retaining jurisdiction over state law claims made in the case through supplemental jurisdiction pursuant to 28 U.S.C. § 1367 when there is a federal basis for jurisdiction." Semple v. City of Moundsville, 195 F.3d 708, 714 (4th Cir. 1999); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[Supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right."). The district court exercises its discretion by considering factors that include: "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995). Thus, the doctrine of supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendant claims in the manner that most sensibly accommodates a range of concerns and values." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988). However, federal courts may decline supplemental jurisdiction when a state claim "raises a novel or complex issue of State law" or "substantially predominates" over federal claims. See 28 U.S.C. § 1367(c).

After careful consideration of the record, this Court finds it appropriate to exercise its discretion in favor of supplemental

4

jurisdiction.  In reaching this conclusion, this Court notes that the plaintiff's claims for racial discrimination under the West Virginia Human Rights Act are not novel or complex issues of state law.  Moreover, the plaintiff admitted in his motion to remand that he presents no novel or complex issues of state law.  This Court acknowledges that the plaintiff may have had substantive and meritorious reasons for filing the amended complaint, but decides that the exercise of supplemental jurisdiction is appropriate in this case.  Thus, the plaintiff's motion to remand must be denied, and this case shall proceed to a scheduling order.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     January 24, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE